upon an application made in the seizure action the liquors must be returned to the place from which or to the person from whom they were taken. In the present proceeding the Appellate Division has held upon evidence justifying the result that there was unreasonable delay in this respect. Obviously, however, a stranger may not apply to the court for a return of the liquor seized.

In the proceeding before us one John Aloise made an affidavit stating that the liquor in question was taken from premises occupied by him; that these premises were a private house; that liquors were stored in the cellar of such house and that the liquor was his lawful property. In opposition to the application for a return of the liquor an affidavit was presented denying these allegations.

Where in such a proceeding bare allegations of ownership or of possession of the liquor are controverted the moving party must sustain his claim by proof. Doubtless the judge hearing the motion may, in his discretion, determine the fact upon affidavits setting forth the facts or he may order a referee to take the evidence and report it to him with his opinion. Some proof there must be and the burden is upon the applicant to present it. Here there is none.

The order of the Appellate Division should be reversed and that of the Trial Term affirmed.

All concur; CARDOZO, J., in result.

Order reversed, etc.

---

MELISSA DOEL, as Administratrix of the Estate of SAMUEL DOEL, Deceased, Appellant and Respondent, v. GENERAL ELECTRIC COMPANY, Appellant, and TONAWANDA POWER COMPANY, Respondent.

*Negligence — presence in electric transformer of " packing block " of wood — when manufacturer liable for death of workmen caused by short circuit upon switching on of electricity.*

Doel v. General Electric Co., 204 App. Div. 902, affirmed.

(Argued May 10, 1923; decided July 13, 1923.)

APPEAL by plaintiff, by permission, from so much of a judgment of the Appellate Division of the Supreme

Court in the fourth judicial department, entered December 23, 1922, as unanimously affirmed a judgment in favor of defendant Tonawanda Power Company entered upon a dismissal of the complaint as to it by the court at a Trial Term.

Appeal by defendant General Electric Company, by permission, from so much of said judgment as unanimously affirms a judgment against it and in favor of plaintiff entered upon a verdict. The action was to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendants. Intestate was employed by the Niagara Falls Power Company which was engaged in installing two large current transformers purchased from the General Electric Company, at one of its stations. On completion of the work defendant Tonawanda Power Company turned high currents of electricity into the transformers, a short circuit occurred, and intestate was killed. It was alleged that the accident was caused by the presence in the transformers of a large " packing block " of wood fastened thereto by wire nails and that the General Electric Company was negligent in so placing the block of wood and in failing to call attention to its presence.

*Welles V. Moot, Adelbert Moot* and *Richmond D. Moot* for appellant.

*Hamilton Ward* for plaintiff, appellant and respondent.

*Thomas R. Wheeler* for Tonawanda Power Company, respondent.

Judgment affirmed, with costs, on authority of *Rosebrock* v. *General Electric Co.* (236 N. Y. 227); no opinion.

Concur: HOGAN, CARDOZO, POUND and CRANE, JJ.; HISCOCK, Ch. J., and McLAUGHLIN, J., dissent on ground of errors in charge. Not sitting: ANDREWS, J.